26 C.C.P.A.(Patents)

## In re DEVER.

## Patent Appeal No. 4117.

Court of Customs and Patent Appeals.

May 1, 1939.

Philip A. Friedell, of Oakland, Cal., and Royal R. Rommel, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1, 4, 8, 11, 12, 13, 14, and 15, in appellant's application for a patent relating to improvements in a "Safety Razor."

Claims 1 and 14 are illustrative of the appealed claims, and sufficiently describe the alleged invention. They read:

"1. In a razor having a blade, a guard having teeth formed in angular relation to the cutting edge of the blade and forming through recesses there-between, with each tooth having an uninterrupted top surface throughout its length and forming an advance guard for the portion of the blade exposed between the tooth and the next adjacent tooth which it overhangs, whereby the skin of the user, to which the portion of the blade is advancing, is urged, or ironed ahead of the portion of the blade and released for cooperation with the blade only from a diagonal edge of a tooth."

"14. A guard for a safety razor having teeth with an uninterrupted top surface and formed in angular relation to the edge of the guard and in which the outer terminal end of each tooth projects longitudinally of the guard a distance equal to about 75% of the center distance between two adjacent teeth measured along the edge of the guard, whereby the exposed portions of the cutting edge of a blade as defined between adjacent teeth are presented to restricted portions of the skin immediately following release from a diagonal edge of a tooth."

The references relied upon are: Watson, 903,347, Nov. 10, 1908; Schleiffer (Norwegian), 46,137, Feb. 18, 1929.

As will be observed from the quoted claims, the teeth in appellant's guard are formed in acute angular relation to the longitudinal edge of the guard and the cutting edge of the razor blade, and each tooth has an uninterrupted top surface throughout its length and "projects beyond the blade and longitudinally thereof to a plane beyond coincidence of the next adjacent tooth and the cutting edge of the blade"; that is, the outer end of each tooth substantially overlaps the next adjacent tooth, or, as stated in quoted claim 14, "each

tooth projects longitudinally of the guard a distance equal to about 75% of the center distance between two adjacent teeth measured along the edge of the guard."

It is claimed in appellant's application that, due to the arrangement of the teeth in overlapping relation to each other, "every portion of the skin in the path of the [razor] blade is first contacted by a tooth" and the skin "subjected to the ironing or stretching, and diagonal rolling action of the teeth, in the direct and normal path of operation of the blade," thus preventing the formation of "furrows or ridges" in the skin and the scraping or cutting thereof.

The patent to Watson discloses a safety razor guard having a series of teeth of equal length, each tooth having an uninterrupted top surface extending under the razor blade. The difference between the patentee's disclosure and appellant's guard lies, as stated by the Primary Examiner, "in the specific acute angle at which the teeth are placed to the longitudinal edge of the guard"; that is, in appellant's device the teeth overlap one another at an angle, whereas, in the Watson disclosure the teeth, although at an angle to the longitudinal edge of the guard, are not in overlapping relation.

The Norwegian patent to Schleiffer discloses a safety razor guard having teeth which vary gradually in length from one end of the guard to the other. The teeth are shown in overlapping relation.

In his decision, the Primary Examiner stated, inter alia, that—"Inasmuch as it is old to use teeth in a guard for a razor in which the teeth are placed in acute angular relation to the longitudinal edge of the guard, and in which the angle is such that the teeth overlap one another along the longitudinal direction of the guard, shown in Schleiffer, in the opinion of the examiner, no invention is seen in making an acute angle, at which the guard teeth of Watson are placed to the longitudinal edge of the guard, smaller so as to secure the overlapped relation in the device of Watson; the structure and function of this type of teeth being shown in Schleiffer. Further, to specifically restrict the angle to such dimensions, such that an overlap of 75% of the center distance between two adjacent teeth measured along the edge of the guard such as is claimed in Claim 14 is believed to be a difference in mechanical design only and not invention."

Some of the appealed claims define a razor guard in combination with a razor having a blade and a handle. The guard in appellant's razor is the only element which differs from the razor disclosed in the patent to Watson.

It is contended by counsel for appellant that, although the Norwegian patent to Schleiffer shows teeth in a razor guard in overlapping relation, Schleiffer's purpose was to "cause the blade to naturally assume an oblique position relative to the path of travel of the razor during shaving," and that he did not appreciate that teeth in overlapping relation, as in appellant's razor guard, would iron and stretch the skin and thus prevent the formation of creases or ridges therein and the cutting thereof during shaving. It is further contended by counsel for appellant that the teeth in appellant's razor guard are inclined to a greater angle and overlap to a greater degree than do the teeth in the Schleiffer reference, and that, so far as the patent to Watson is concerned, it would be necessary, in order to produce applicant's structure, "to increase the angularity of Watson's teeth, (measured perpendicularly to the cutting edge of the blade) to a value equal to about three times that which he [Watson] discloses."

In concluding its decision, the Board of Appeals said: "After careful consideration, it is our view that Watson substantially anticipates the principle of applicant's inclined teeth, the only difference being a matter of degree of relative spacing and angle of inclination. In this situation it is our conclusion that invention is not involved in merely changing these matters of degree particularly in view of the Norwegian patent disclosing that such particular matters of degree are anticipated even though in connection with teeth having partially cut-away surfaces."

It is true, as argued by counsel for appellant, that the disclosure in the patent to Watson does not anticipate appellant's device, and that to "produce applicant's structure [from the Watson disclosure], it would be necessary to increase the angularity of Watson's teeth, * * * to a value equal to about three times that which he discloses."

Were it not for the teaching in the prior art patent to Schleiffer of arranging the teeth in overlapping relation, it might well be argued that it involved invention to increase the angular inclination of the teeth

in the Watson razor guard so that the teeth overlapped as in appellant's device. See Eibel Process Co. v. Paper Co., 261 U. S. 45, 43 S.Ct. 322, 67 L.Ed. 523. However, as pointed out by the Solicitor for the Patent Office, the patent to Schleiffer plainly suggests the desirability of increasing the angularity of the teeth in a safety razor guard to provide the overlapping relation called for by the appealed claims.

The decision is affirmed.

Affirmed.